IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT BROCK-SMITH

    Plaintiff,

v.      Civil Action No. PX-17-1946

TITAN INDEMNITY COMPANY

    Defendant.

******

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff ROBERT BROCK SMITH's Motion for Partial Summary Judgment, ECF No. 14, and Defendant TITAN INDEMNITY COMPANY's Cross-Motion for Summary Judgment, ECF No. 15, regarding uninsured motorist benefits. The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, the Court GRANTS summary judgment in Defendant's favor.

**I.    BACKGROUND**

In Maryland, automobile insurance policies must provide coverage for damages caused by a person operating a motor vehicle without sufficient insurance. Md. Code Ann., Insurance, § 15-509(c)(1)(2017). Uninsured motor vehicle (UM) insurance covers liability for underinsured motor vehicle claims when the tortfeasor's liability insurance limit is less than the injured party's liability limit. Md. Code Ann., Insurance, § 15-509(a)(2)(i)( 2017).

Plaintiff Robert Brock-Smith ("Brock-Smith") has held an automobile insurance policy ("the Policy") with Defendant Titan Indemnity Company ("Titan") since 2008. ECF No. 14 at 2. The "Policy Declarations" page set forth the limits of insurance coverage and remained

1

unchanged each time Brock-Smith renewed the Policy. *Id.* The Policy Declarations included bodily injury liability limits of "$50,000 EA PERSON $100,000 EA ACCIDENT." ECF No. 14-1 at 1. The Policy further stated that the required uninsured (UM) and underinsured (UIM) motorist coverage was "$50,000 EA PERSON UM $100,000 EA ACCIDENT UM $100,000 EA ACCIDENT UIM." *Id.*

On April 29, 2014, Brock-Smith was rear-ended by another vehicle while safely making a left-turn. ECF No. 2 at ¶ 3-4. Brock-Smith was the only motorist who suffered bodily injuries. He incurred over $35,000 in medical bills. ECF No. 14 at 2. The other driver, who was ultimately deemed to be at fault, was insured by Ohio Casualty. ECF No. 14-1 at 38. Ohio Casualty advised Brock-Smith that the tortfeasor's policy included bodily injury liability limits of $50,000 per-person and $100,000 for each occurrence. *Id.* On February 2, 2015, Ohio Casualty offered Plaintiff the entire per-person limit of liability, $50,000. *Id.*

Brock-Smith informed Titan that he intended to accept Ohio Casualty's coverage offer of $50,000, and also file an underinsured motorist claim with Titan for additional coverage beyond the $50,000 offered by Ohio Casualty. ECF No. 14 at 2. On September 13, 2016, Titan responded that, as a result of Ohio Casualty's $50,000 offer, Brock-Smith was not entitled to underinsured motorist coverage under the Policy. ECF No.14-1 at 39.

On May 24, 2017, Plaintiff filed suit against Titan, alleging breach of contract. ECF No. 2 at 1. Plaintiff then moved for partial summary judgment, arguing that the Policy was ambiguous and, therefore, when construed in favor of coverage, would confer on Brock-Smith $100,000 of available coverage per underinsured accident, in contrast to Titan's claimed limitations of $50,000 per-person. ECF No. 14 at 4-5. Titan cross-moved for summary judgment, arguing that the Policy's terms unambiguously exclude Brock-Smith from

2

underinsured motorists coverage, and that Plaintiff's interpretation of the Policy contravenes Maryland law. ECF No. 15-1 at 9. For the reasons stated below, the Court GRANTS summary judgment in favor of Titan and DENIES Brock-Smith's motion.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the Court, construing all evidence and drawing all reasonable inferences in the light most favorable to the non-moving party, finds no genuine dispute exists as to any material fact, thereby entitling the movant to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see In re Family Dollar FLSA Litig.*, 637 F.3d 508, 512 (4th Cir. 2011). Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In responding to a proper motion for summary judgment, the party opposing summary judgment must present evidence of specific facts from which the finder of fact could reasonably find for him or her." *Venugopal v. Shire Labs.*, 334 F. Supp. 2d 835, 840 (D. Md. 2004), *aff'd sub nom. Venugopal v. Shire Labs., Inc.*, 134 F. App'x 627 (4th Cir. 2005) (citing *Anderson v. Liberty Lobby,* 477 U.S. 242, 252 (1986); *Celotex,* 477 U.S. at 322–23). The party opposing summary judgment "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)). Where a party's statement of a fact is "blatantly contradicted by the record, so that no reasonable jury could believe it," the Court will credit the record over the averred fact. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. DISCUSSION

In Maryland, an insurance policy is interpreted like any other contract, "measured by its terms unless a statute, a regulation, or public policy is violated thereby." *Connors v. Government Employee Ins. Co.*, 442 Md. 466, 480 (2015)(quoting *Pacific Indem. Co. v. Interstate Fire & Cas. Co.*, 302 Md. 383, 388 (1985). Further, "the contract must be construed in its entirety," and each term must be given its clear and plain meaning. *Id.* at 480–81 (quoting *Cochran v. Norkunas*, 398 Md. 1, 17 (2007). If a policy term is capable of more than one interpretation, the term must be construed in favor of the insured. *Id.* at 482-83.

This case centers on Titan's Policy coverage limits when an insured is injured by an uninsured or underinsured motorist. These limitations are set forth in the Policy as well as the Policy Declarations. *See generally* ECF Nos. 14 & 15; *see also* 14-1 at 54 (instructing that the Policy "[c]overage applies as stated in the Declarations"). The Policy defines uninsured motorist coverage as encompassing "bodily injury and property damage caused by uninsured *and underinsured* motorists." ECF No. 14-1 at 51 (emphasis added); *see also id.* at 52 (defining "uninsured motor vehicle" to include "one which is underinsured."). The Policy also clearly and plainly defines "injury for any one person" as limited to damages up to the "per-person limit . . . . No separate limits are available to anyone for derivative claims, statutory claims, or any other claims made by anyone arising out of bodily injury . . . to one person." ECF No. 14-1 at 54. Per accident coverage on the other hand, is defined as "the total limit of [Titan's] liability for all covered damages when two or more persons sustain bodily injury." *Id.* With respect to the limits on uninsured motorist coverage, the Policy states that "in no event will any Insured be entitled to more than the highest per-person Uninsured Motorists Bodily Injury limit on any one policy issued by [Titan]." *Id.*

4

Based on these terms and definitions, Titan argues that Brock-Smith, as the only insured who suffered bodily injury, is limited to the *per-person* uninsured motorist coverage, which is $50,000. *See generally* ECF No. 115. The Court agrees. The Policy clearly limits coverage in the event of a single-person injury to $50,000. Further, the Policy limits coverage to "the highest per-person Uninsured Motorists Bodily Injury limit," which is $50,000. Accordingly, because the Policy limit applicable here provides no more coverage than what Brock-Smith was already offered by Ohio Casualty, Titan properly denied Brock-Smith uninsured motorist coverage.

Brock-Smith, by contrast, urges the Court to read the Policy too restrictively and in a manner which would contravene Maryland insurance law. Specifically, Brock-Smith focuses only on the Policy Declarations, which state in shorthand that uninsured motorists ("UM") and underinsured motorists ("UIM") are covered for bodily injuries up to "$50,000 EA PERSON UM $100,000 EA ACCIDENT UM $100,000 EA ACCIDENT UIM." ECF No. 14-1 at 1; *see also* ECF No. 14 at 3. Brock-Smith argues that because the Policy Declarations identify "each accident" liability coverage for underinsured motorists of $100,000, but do not state coverage for each motorist, the Policy Declarations must be construed as allowing uninsured motorist coverage of up to $100,000, regardless of the whether one or more persons were involved. ECF No. 14 at 3–5.

Brock-Smith's interpretation of underinsured motorist coverage, however, ignores the terms outlined in the Policy, and thus fails to read the contract in its entirety. *See supra*; *see also Connors*, 442 Md. at 481. Notably, Brock-Smith does not consider at all the express language of the Policy which clearly states that "in no event will any Insured be entitled to more than the highest per-person Uninsured Motorists Bodily Injury limit on any one policy issued by [Titan]."

5

ECF No. 14-1 at 54. Nor does Brock-Smith account for the additional limiting fact that, indisputably, only one insured suffered bodily injury.

Even more fatal to Brock-Smith's argument, however, is that it runs afoul of Maryland law, which clearly prohibits an insured from obtaining greater coverage for accidents involving uninsured motorists than the insured himself holds in personal liability coverage, absent certain highly specific exceptions not applicable here. *See* Md. Code Ann., Insurance, §§ 19-509(e)(1)(ii)(2017), 19-510(b)(1)–(2). Brock-Smith's per-person personal liability coverage limits are $50,000 per-person and $100,000 per accident. *See, e.g.*, ECF No. 14-1 at 3. Accordingly, by law, where only one person suffered bodily injury, the Policy's per-person underinsured motorist coverage must be limited to $50,000. *See Connors*, 442 Md. at 478, n. 10 ("Parties to a contract are presumed to contract mindful of the existing law and all applicable or relevant laws must be read into the agreement of the parties just as if expressly provided by them, except where a contrary intention is evident.") (quoting *Auction & Estate Representatives, Inc. v. Ashton*, 354 Md. 333, 344 (1999) (internal quotes omitted)). Because Brock-Smith has already collected from Ohio Insurance the maximum per person available coverage under the Titan Policy, Brock-Smith cannot seek additional payment from Titan. *Id.* at 475 (an insured may collect "resources equal to those which would have been available had the tortfeasor carried liability coverage equal to the amount of uninsured motorist coverage which the injured insured purchased from his own insurance company.") (quoting *Waters v. U.S. Fidelity & Guaranty Co.*, 328 Md. 700,714 (1992)); *see also* ECF No. 14-1 at 38. Summary judgment for Titan, therefore, must be granted.

## IV. CONCLUSION

For the reasons stated in this Memorandum Opinion, it is this 22nd day of May, 2018, ORDERED by the United States District Court for the District of Maryland:

1. Plaintiff ROBERT BROCK-SMITH's motion for partial summary judgment, ECF No. 14, is DENIED;

2. Defendant TITAN INDEMNITY COMPANY's motion for summary judgment, ECF No. 15, is GRANTED; and

3. The Clerk is directed to transmit this Memorandum Opinion and Order to the parties and CLOSE this case.

5/22/2018
Date

/s/
Paula Xinis
United States District Judge